UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN MARIE LANDIN,

           Plaintiff,

    v.                                       Civil Action No. _____

VIKING COLLECTION SERVICE, INC.

                                                **JURY TRIAL DEMANDED**

           Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

III.  PARTIES

4. Plaintiff Ann Marie Landin is a natural person residing in the County of Wyoming and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Viking Collection Service, Inc. (hereinafter referred to as "Viking") is a foreign corporation organized under the laws of Minnesota.

6. Upon information and belief, Viking regularly attempts to collect debts alleged to be due another, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of Viking alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

8. That Plaintiff Ann Marie Landin incurred a credit card obligation to Chase Bank USA, N.A. (hereinafter referred to as "the subject debt").

9. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

10. That the subject debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

11. That Plaintiff defaulted on the subject debt.

12. That after Plaintiff's default, Chase Bank USA, N.A. debt employed Viking to collect the subject debt.

13. That in or about December of 2006, Defendant called a neighbor of Plaintiff by telephone and asked him to deliver a message to Plaintiff to return the call of Defendant.

14. That Defendant did not disclose to the aforesaid neighbor, and said neighbor did not disclose to Plaintiff, that the call was from a debt collector.

15. In or about January of 2007, Defendant called and spoke with Plaintiff's ex-sister-in-law, Kay Karan. Immediately after said telephone call, Kay Karan called Plaintiff and stated, "I'm only going to tell you this one fucking time. You tell Viking Corporation to stop calling my home."

16. That in or about January of 2007, Defendant spoke to a neighbor of Plaintiff by telephone. During said conversation, Defendant stated that it was imperative that Plaintiff contact them immediately to "take care of this account."

17. That at the time Defendant called Kay Karan and Plaintiff's neighbor, they were in possession of, and knew all relevant location information relating to Plaintiff.  As such, the purpose of the aforesaid telephone call to Kay Karan and Plaintiff's neighbor were not to obtain or confirm location information for Plaintiff.

18. That in or about February of 2007, Defendant called the residence of Plaintiff's ex-husband, Marc Landin, and his girlfriend, Suzanne James.  During said telephone conversation, Defendant stated to Suzanne James that Plaintiff had given their telephone number as Plaintiff's "contact number", and informed her that the call was from "Steve Fox from Viking-she knows who I am."

19. That after the telephone call described in paragraph 18 herein, Suzanne James stated to Plaintiff that she found the call very disruptive, and that she did not want any further telephone calls made to her home by Viking.

20. That after the telephone call described in paragraph 18 herein, Plaintiff's 28 year old son asked Plaintiff if she had taken care of the subject debt, and stated to her that "Dad was really pissed."

21. That in April of, 2007, Defendant called Plaintiff's 22 year-old daughter, Tia Landin while she was working at Appleby's Restaurant.  Defendant first informed Tia Landin that they had attempted unsuccessfully to contact Plaintiff, and were calling to make sure Plaintiff was "O.K."  Defendant then asked Tia Landin to "send in $75.00 for your Mom", because she owed an installment payment in that amount.

22. Immediately after the telephone call described in paragraph 21 herein, Tia Landin called Plaintiff and asked her if she was in trouble, and if she needed any money.

23. That on or about June 5, 2007, Plaintiff was home playing Euchre with her boyfriend, her brother, and her brother's fiancé. In the middle of their card game, Defendant called Plaintiff and left a message on her telephone answering machine stating, "Ann.  Steve Fox.  You know why I'm calling."

24. That at the time the telephone message described in paragraph 23 was delivered, Plaintiff had turned up the volume of her telephone answering machine so that she could hear any messages left while she was playing cards. As result, Plaintiff's brother, her boyfriend, her, and her brother's fiancé all overheard said telephone message, and immediately looked at Plaintiff with inquiring looks on their faces. Plaintiff became extremely embarrassed and told everyone that, "Oh, it's nothing."

25. That as a result of the actions of Defendants described in this complaint, Plaintiff became upset, humiliated and nervous, and suffered emotional distress.

## V.     CAUSES OF ACTION UNDER FDCPA

26. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 25 above.

27. That Defendant's actions described in this complaint were done in violation of multiple provisions of the FDCPA, including, but not limited to, the following:

    A. Defendant violated 15 U.S.C.§1692e(11) by failing to disclose to Plaintiff that they were debt collectors in every communication to her.

    B. That all of Defendant's telephone calls violated 15 U.S.C.§1692b(1), 15 U.S.C.§1692b(2), 15 U.S.C.§1692c(b), 15 U.S.C.§1692d, 15 U.S.C.§1692d(6), and 15 U.S.C.§1692f by virtue of their telephone calls to third parties reasons other than obtaining or correcting location information for Plaintiff,  and/or improper disclosures of Plaintiff's debt to parties other than Plaintiff as described in this complaint.

    C.  b(1) 15 U.S.C.§1692b(1) 15 U.S.C.§1692b(1) d(6) by failing to provide meaningful identification information to Plaintiff in every communication to him.

D. Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10), and 15 U.S.C.§1692f by falsely representing that civil litigation was, or would soon be commenced to collect the subject debt.

28. That as a result of the Viking's FDCPA violations, individually and in combination, Plaintiff suffered actual damages, including emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

Dated:  September 5, 2007

/s/ Kenneth R. Hiller, Esq.
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
          ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Ann Marie Landin, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  August 10, 2007


/s/ Ann Marie Landin
Ann Marie Landin